BOWES, Judge,
dissenting, with written reasons.
Having been a trial judge myself for many years, I know and sympathize with the trial judge in the dilemma that is usually presented to him in attempting to fairly distribute enough money for two sets of people to live on, separately, when, as here, there is usually not enough for one family together. However, in this case, I feel so strongly that the support award is so inadequate to the wife, and so indulgent with an admitted alcoholic father, that I am forced to protest. Therefore, I respectfully dissent from the views expressed in the majority opinion by my learned and respected brothers.
To begin with, the expense sheet submitted by Mrs. Ellis shows a house note of $862.00; grocery expense of $500.00 and utilities of $256.00. These are bare, absolute, necessities of existence; the amounts are not seriously questioned, and they alone amount to over $1,600.00 or 60% more than the trial judge awarded her for all expenses.
The majority points out that Mrs. Ellis was awarded use of the family domicile. Yet the judgment is silent as to which party is responsible for the mortgage note. However, no one questioned the fact that Mrs. Ellis, the plaintiff-occupant, will have to pay the $862.00 note. So this “award” is, in fact, a “liability”.
Mrs. Ellis, who has been a full time mother and homemaker throughout the marriage, testified in great detail concerning many other monthly living expenses of the household (making a total of over $5,000.00) as appears by reference to the five-page detailed budget which was placed into evidence. The above-listed items are illustrative of the fact that the support is woefully inadequate for appellant and the two children to meet even the most basic necessities.
Mr. Ellis did not succeed in contradicting even a substantial portion of this detailed expense list, which is indicative of the lifestyle lived by the parties. Instead, he told the Court how he had experienced severely diminished income since he had opened his own travel agency business, approximately one year prior, and clearly admitted that he had previously enjoyed employment in occupations, other than the travel business, making substantially more money, but which had been lost by him primarily through his own conduct in pursuing his course of alcoholism. Additionally, Mr. Ellis testified that he had received an inheritance of $410,000.00, less than two years *1127 ago, and admitted that $100,000.00 of this money had been invested as a down payment on an apartment complex, which he currently owns. Even though he claims the apartment complex is a “white elephant”, it is difficult to reconcile Mr. Ellis’ expense sheet, which shows monthly income tax liability upon his stated gross earnings of $2,500.00 as being in excess of $380.00, when he owns such a significant commercial real estate property upon which depreciation can be claimed.
Further, it is clear that the district court did not take the ownership of the substantial asset of the apartment complex into consideration in fixing alimony and child support at less than fifty (50%) per cent of Mr. Ellis’ own admitted gross earnings. I also note, with amazement, that Mr. Ellis’ expense sheet shows rent of $629.00 per month, which appears unnecessary and extravagant under the circumstances, considering that he owns his own apartment complex.
The final piece of damning evidence, which was obviously not considered by the court, was that which pertained to the current lifestyle being enjoyed by Mr. Ellis in spite of his asserted financial dilemma. When confronted with his most recent bank credit card account statements, he admitted that, over a two-month period, these charges alone amount to approximately $1,500.00 per month, limited solely to charges incurred for food and drink. It is painful to consider the comparatively paltry award given to mother and children for bare necessities of life, where the physical documentary evidence shows a lifestyle of the father immediately prior to trial, in which, in an admittedly drunken state, he spends far more than this award merely on food and drink for himself and alleged business guests at restaurants and bars as alleged entertainment.
I agree that Mr. Ellis’ alcoholic excesses are sad. However, it seems that the district court was more compassionate toward him than toward the mother and children, who are just as surely victims of the situation. Where a husband and father has brought about his own financial misfortune, he is not relieved of his support obligation. See, e.g., Durben v. Durben, 424 So.2d 1130 (La.App. 1st Cir.1982).
Additionally, there was not a satisfactory accounting in the record for Mr. Ellis’ large inheritance. Other than a certificate of deposit for approximately $100,000.00, and the purchase of the aforementioned apartment building (for another $100,000), it is totally unclear as to what happened to the remaining $210,000.00. At the rate Mr. Ellis is expending money on alcohol and entertainment, he apparently has a substantial sum left. The Bankcard statements introduced into evidence clearly show a substantial transfer of funds, from a source not determinate from the record, to cover charges incurred by Mr. Ellis over and above his credit limit.
Although the record is not entirely clear, it appears that Mrs. Ellis received approximately $30,000 (not $70,000 as averred by appellee) from her husband’s inheritance (the remaining money from the $100,000 Certificate of Deposit) and most, if not all of that, has, according to appellant, been used to support herself and the children in the absence of Mr. Ellis doing so.
While Mr. and Mrs. Ellis may indeed have lived beyond their means during their marriage, a larger award would not even approach the standard of living previously enjoyed by the parties. Therefore, I do not base my opinion on the former standard of living, but rather on the present basic necessities of Mrs. Ellis and the children and the available means of Mr. Ellis to meet those needs, especially if he curtails his excessive spending habits. Consequently, based on the evidence in the record, I would substantially increase the alimony and child support awards to a total of at least $l,750.00-$2,000.00 per month.
For the foregoing reasons, I respectfully dissent.